IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEHO GRDANOVIC, )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>LA ROCHE COLLEGE (LRC); US )<br>GOVERNMENT; BOSNIAN )<br>GOVERNMENT; UNITED NATIONS; )<br>U.S. DISTRICT JUDGE TERRENCE F. )<br>MCVERRY, )<br>Defendants. ) | Civil Action No. 12-742<br><br>Judge Nora Barry Fischer<br>Magistrate Judge Maureen P. Kelly |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

Pending before the Court is the "Application to Proceed in District Court Without Paying Fees or Costs" (the "Motion") [ECF No. 1], filed by pro se Plaintiff Meho Grdanovic ("Grdanovic").

For the following reasons, is respectfully recommended that the Motion, ECF No. 1, be DENIED AS MOOT, and that the Complaint be DISMISSED WITH PREJUDICE.

**II. REPORT**

Attached to Plaintiff's Motion for in forma pauperis ("IFP") status are the Complaint and numerous and lengthy exhibits. It is abundantly clear that Plaintiff is seeking to relitigate previously dismissed claims filed with this Court at Docket No. 12-571, with the addition of

1

allegations against United States District Judge Terrence F. McVerry.[1] These claims include allegations against the United Nations for its failure to adopt a plan for "socio-economical solutions" to world hunger, a conspiracy to prevent the use of a "space-flight invention" to destroy asteroids which may strike Earth in 2014 and 2036, and the efforts of various nations to cover up ethnic and religious persecution in Bosnia dating back to the eleventh century.

This Court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions). An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327–28; see also Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir.1989); Deutsch v. United States, 67 F.3d 1080, 1091–92 (3d Cir.1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back). With regard to Plaintiff's particular claims, Section 1915(e)(2) is not limited to prisoner suits. Powell v. Hoover, 956 F. Supp. 564 (M.D. Pa. 1997).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b) (6) motions. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir.1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be

---

[1] Plaintiff's purported claims against Judge McVerry arise out of his citation of applicable legal precedent setting forth the parameters of the appropriate grant of in forma pauperis status and his summary of Plaintiff's allegations and theories. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (internal quotation marks omitted); Mireles v. Waco, 502 U.S. 9, 11 (1991). The claims against him lack an arguable basis in law or in fact and, therefore, will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) (1).

2

granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir.2002).

It is apparent that Plaintiff's allegations fall within the "clearly baseless" and "fanciful or delusional" categories recognized by the Third Circuit in Neitzke. This is Plaintiff's second Complaint setting forth nearly identical allegations and it is clear that amendment would, indeed, be inequitable and futile. Accordingly, it is respectfully recommended that Plaintiff's Motion for IFP status be DENIED AS MOOT and, pursuant to 28 U.S.C. § 1915(e)(2), that Plaintiff's Complaint be DISMISSED WITH PREJUDICE and the case docketed closed. It is further recommended that the Clerk shall contact Plaintiff by telephone and inform him that the original documents filed with the Complaint may be picked up at the Clerk's Office located on the Third Floor of the United States Courthouse, 700 Grant Street, Pittsburgh, PA.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193

n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: July 30, 2012

cc: The Honorable Nora Barry Fischer
United States District Judge

**MEHO GRDANOVIC**
Northside Common Ministries
Pleasant Valley Shelter
1601 Brighton Road
Pittsburgh, PA 15212

412-448-1668